ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAY -9 AM 8:28
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTHONY SCOTT RAMEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 313-025 |
| ) | |
| DOUG WILLIAMS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at Dodge State Prison ("DSP") in Chester, Georgia, filed the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia and paid the requisite filing fee. (Doc. no. 1.) Because Petitioner is currently incarcerated at DSP, which is located in the Southern District of Georgia, the Honorable Justin S. Anand, United States Magistrate Judge, transferred the petition to this Court. (See doc. no. 4.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**, and that this civil action be **CLOSED**.

I. **BACKGROUND**

According to Petitioner, in May of 1996, he pleaded guilty in the Superior Court of Jackson County to one count of malice murder, one count of kidnapping with bodily injury, one count of burglary, and one count of aggravated battery.¹ (Doc. no. 1, p. 7.) Petitioner

---

¹The publicly available record of Petitioner's current sentences on the Georgia Department of Corrections website indicates that Petitioner was in fact convicted in February

reports that he was subsequently sentenced to two consecutive terms of imprisonment for life, as well as two consecutive terms of imprisonment for twenty years each. (Id. at 7-8.) Petitioner reports that, in 1997, he filed a state habeas corpus petition in the Superior Court of Telfair County, which was "heard" by that court on August 25, 1998, and denied on October 1, 1998. (Id. at 8.) Petitioner next reports that, on February 15, 1999, the Supreme Court of Georgia remanded the case to the Superior Court of Telfair County with instructions to determine whether the Superior Court of Jackson County had jurisdiction under O.C.G.A. § 17-7-70 to accept Petitioner's guilty plea. (Id.) Petitioner asserts that the Superior Court of Telfair County held a hearing on April 27, 1999, and subsequently, on May 6, 1999, found that the Superior Court of Jackson County did have such jurisdiction and again denied Petitioner's request for habeas corpus relief. (Id. 8-11.)

Petitioner next reports that, on January 30, 2012, "after much legal studies," he filed a "Motion to Set Aside Pursuant to the Provisions of O.C.G.A. § 9-11-60" with the intent of "setting aside" the state habeas court's May 6, 1999 denial of his petition and re-opening that case. (Id. at 11.) Petitioner reports that, in that motion, he contended that his state habeas case was "subject to challenge/relitigation" because (1) the state habeas court misapplied Smith v. Wilson, 268 Ga. 38 (1997); (2) Petitioner was never indicted by a grand jury on the charge of kidnapping with bodily injury; and (3) Petitioner is being falsely imprisoned because the "sentencing court lacked subject matter jurisdiction" due to the lack of a grand jury indictment as to the kidnapping with bodily injury charge. (Id. at 5.) Petitioner reports

---

of 1995. That record may be found at http://www.dcor.state.ga.us (highlight "Offender Information" in the menu bar and select "Georgia Offender Search;" on the next page, select "I agree;" next, under the "Select Identifier" menu, select "GDC ID Number," enter "324999" into the blank, and click "Submit Form").

that the Superior Court of Telfair County denied his motion "on or about February 14, 2012," and he asserts that he subsequently, "on or about March 6, 2012," filed a notice of appeal and submitted an application for a certificate of probable cause to appeal to the Georgia Supreme Court. (Id. at 6.) On November 5, 2012, the Georgia Supreme Court denied as untimely Petitioner's application for a certificate of probable cause to appeal.

Although Petitioner couches his claims here in terms of "attacking the judgments" of the Superior Court of Telfair County in denying his motion to set aside and the Georgia Supreme Court in denying his application for a certificate of probable cause, his petition also suggests that he might intend for the Court to address the merits of his claims where the specified state courts have declined to do so. (Id. at 11-12.) Petitioner argues that his motion to set aside proffered a valid constitutional claim and that the motion was thus not subject to a statute of limitations. (Id. at 12.) In an apparent attempt to explain why he has filed the instant petition in federal court, he additionally asserts that his "submissions are sure to get nowhere in the states' courts." (Id.) In his request for relief, Petitioner vaguely requests that the Court "duly consider the instant § 2241 [p]etition," find that he has stated a viable claim, and order that Respondent's counsel file an answer. (Id. at 13.) Petitioner also requests an "evidentiary hearing for which to reach the merits of the instant case" and for the Court to determine whether the state habeas court's denial of his motion to set aside and the Georgia Supreme Court's denial of his application deprived him of any constitutional rights. (Id.)

## II. DISCUSSION

### A. Petitioner's Claims Provide No Basis for Habeas Relief

First, given that Petitioner's primary purpose in the instant petition appears to be to challenge or "attack" the recent state court rulings concerning his motion to set aside,

3

Petitioner's claims are not cognizable in a habeas corpus petition. The Eleventh Circuit has clearly established that "where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir. 2004) (citing Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987)). Moreover, "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Id.

Here, Petitioner devotes the majority of his petition to attempting to point out various supposed deficiencies in the Superior Court of Telfair County's denial of his motion to set aside and the Georgia Supreme Court's denial of his application for a certificate of probable cause to appeal the Superior Court of Telfair Couty's ruling. (See generally doc. no. 1.) In fact, Petitioner specifically explains that "[t]he judgments under attack in this action [were] entered by the Superior Court of Telfair County, Georgia on Petitioner's motion to set aside" on February 14, 2012, and by the Georgia Supreme Court on November 5, 2012. (Id. at 3.) However, as explained above, attacks on collateral proceedings do not state a viable basis for federal habeas relief. Accordingly, because the instant petition is intended only to challenge alleged defects in Petitioner's recent collateral proceedings in state court, the petition simply does not state a viable claim for habeas relief.

### B. Improper Challenge to Underlying Convictions

Alternatively, to the extent that Petitioner is attempting to bootstrap a challenge to the validity of his Jackson County convictions to his collateral attack on the Superior Court of Telfair County's denial of his motion to set aside, such a challenge is not properly before this Court and must be brought pursuant to 28 U.S.C. § 2254 rather than § 2241. In the State of

Georgia, it is established practice that a § 2254 petition is brought in a petitioner's place of conviction; in this case, because Petitioner was convicted in Jackson County, and because Jackson County is in the Northern District of Georgia, a § 2254 petition would have to be brought in the Northern District. Moreover, even if Petitioner *were* to challenge the validity of his underlying Jackson County convictions from May of 1996 in a § 2254 petition, that challenge would be subject to the one-year statute of limitations for such petitions. See 28 U.S.C. §§ 2244(d)(1) and (d)(2).

In sum, because the instant petition appears primarily intended to challenge recent state court holdings relating to Petitioner's motion to set aside, and because such claims are not cognizable in a petition for habeas relief, the instant petition is subject to dismissal. Moreover, to the extent that Petitioner alternatively intends to challenge the validity of his underlying Jackson County convictions, such claims must be brought in a § 2254 petition in Petitioner's place of conviction and are thus improperly before this Court.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of May, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE